927 F.2d 612
 Unpublished Disposition
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 
 UNITED STATES of America, Plaintiff-Appellee,
v.
REAL PROPERTY, etc., LOCATED AT ROUTE 1, BOX 190, MANTON,
CALIFORNIA, including appurtenances thereto,
furnishings and appliances, Defendant,
and
JEFFREY W. CLARK, Claimant-Appellant.
 No. 89-16240.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Feb. 11, 1991.
Decided March 7, 1991.
 Appeal from the United States District Court for the Eastern District of California, No. CV-88-0469-RAR; Raul A. Ramirez, District Judge, Presiding.
 E.D.Cal.
 AFFIRMED.
 Before SCHROEDER, CANBY and NOONAN, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Clark appeals the district court's summary judgment order in favor of the government in its forfeiture proceedings brought against his land. The evidence showed that he was growing marijuana on the land, and that he maintained a workshop in his basement for the drying of marijuana plants and for the cultivation of marijuana seedlings. On appeal, Clark's contention is that the district court erred in requiring a forfeiture of the entire parcel of land involved, including his house, and should instead have applied the eighth amendment's proportionality requirement or exercised judicial restraint to limit the forfeiture.
 
 
 3
 Clark argues that the eighth amendment requirement that fines be proportional to the crime for which they are assigned prohibits the forfeiture of his entire piece of property, including his house, based upon a finding that marijuana was being grown on a small part of it. His argument that the eighth amendment applies in a civil forfeiture proceeding is foreclosed by this court's holding in United States v. Tax Lot, 1500, 861 F.2d 232 (9th Cir.1988), cert. denied, 110 S.Ct. 364 (1989). Clark contends that the panel should reconsider this holding in light of two recent Supreme Court cases, Browning-Ferris Industries v. Kelco Disposal, Inc., 109 S.Ct. 2909 (1989), and United States v. Halper, 109 S.Ct. 1892 (1989). We doubt that these cases release us from adherence to Tax Lot 1500. While the Supreme Court in Browning-Ferris suggested that the use of a civil penalty for the purpose of punishment might implicate eighth amendment concerns, it said nothing about civil forfeiture. We need not decide here, however, whether forfeiture imposed on one found guilty of criminal activity implicates the eighth amendment because Clark has made no showing of disproportionality.
 
 
 4
 The district court's refusal to reduce further the amount of the forfeiture was not an abuse of discretion. The district court granted summary judgment of forfeiture against a single parcel of land and a house. The government showed probable cause to believe that both the land and the house were integral to Clark's marijuana cultivation operation. In fact, by denying forfeiture of the adjoining ten-acre parcel, the district court exercised the restraint for which Clark argues. Thus, the district court did not err by granting summary judgment against the entire parcel. See Tax Lot 1500, 861 F.2d at 235.
 
 
 5
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3